MEMORANDUM **
Robert Lee Jennings, an Arizona state prisoner, appeals pro se from the district court’s judgment dismissing three of his retaliation claims brought under 42 U.S.C. § 1983 for failure to exhaust administrative remedies, and from the summary judgment on his fourth claim of retaliation. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review de novo. Wyatt v. Terhune, 315 F.3d 1108, 1117 (9th Cir.2003) (dismissal for failure to exhaust); Barnett v. Centoni, 31 F.3d 813, 815 (9th Cir.1994) (per curiam) (summary judgment). We affirm.
The district court properly dismissed Jennings’s claims that Huizar retaliated against him by labeling him a snitch, having his cell searched and property confiscated, and reducing his “turn out time,” because Jennings did not properly exhaust prison grievance procedures as to these claims. See 42 U.S.C. § 1997e(a); Woodford v. Ngo, 548 U.S. 81, 90-91, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006) (explaining that “proper exhaustion” requires adherence to administrative procedural rules).
*634 The district court properly granted summary judgment on Jennings’s claim that Huizar retaliated against him by changing his job assignment and reducing his work hours, because Jennings failed to raise a genuine issue of material fact as to whether Huizar was involved in those decisions. See Bias v. Moynihan, 508 F.3d 1212, 1218 (9th Cir.2007) (“In opposing summary judgment, a nonmoving party must ... designate specific facts showing that there is a genuine issue for trial”).
Jennings’s remaining contentions are unpersuasive.
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.